IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30273
Conference Calendar
_____

TERRANCE KEITH HUNT,

                                        Plaintiff-Appellant,

versus

DIANE MILLER; RICHARD L. STALDER;
D. MILTON MOORE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 95-CV-1141, 95-CV-1142, 95-CV-1143
- - - - - - - - - -
August 20, 1996
Before KING, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Terrance Keith Hunt, #96917, contends that the district

court abused its discretion in dismissing his complaint as

frivolous.  An IFP complaint may be dismissed pursuant to 28

U.S.C. § 1915(d), the relevant portion of which has been

redesignated as § 1915(e)(2)(B)(i), if it has no arguable basis

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

in law or in fact.  <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993).

"[A] plaintiff may not seek a reversal in federal court of a state court judgment simply by casting his complaint in the form of a civil rights action."  <u>Reed v. Terrell</u>, 759 F.2d 472, 473 (5th Cir.), <u>cert. denied</u>, 474 U.S. 946 (1985); <u>see</u> <u>Hale v. Harney</u>, 786 F.2d 688, 690-91 (5th Cir. 1986).  It is plain from the history of this dispute, Hunt's complaint, and Hunt's brief on appeal that the heart of this matter is Louisiana's seizure of Hunt's funds.  <u>See</u> <u>Hunt v. United States Dep't of Justice</u>, 2 F.3d 96, 97 (5th Cir. 1993).  Hunt's funds were not seized by employees of the Department of Public Safety and Corrections but were seized pursuant to an order of Judge Moore.  It is this seizure warrant that Hunt seeks to overturn.

To the extent that Hunt asserts that the Department of Corrections employees acted negligently in complying with the amended seizure warrant issued by Judge Moore, the claim of negligence will not support a § 1983 action.  <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).  The district court did not abuse its discretion in dismissing this complaint as frivolous.

This appeal is without arguable merit and is thus frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous it is dismissed.  5th Cir. R. 42.2.

Hunt is cautioned that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid

sanctions, Hunt is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING.